**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-14187

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DAVID ABRAM ZIESEL,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:24-cr-14009-AMC-1

_____

Before WILLIAM PRYOR, Chief Judge, and JILL PRYOR and BRASHER,
Circuit Judges.

PER CURIAM:

David Ziesel appeals his sentence of 180 months of impris-
onment for bank robbery. He argues that his multiple bank

robbery convictions are not predicate offenses for his designation as a career offender under the Sentencing Guidelines. *See* U.S.S.G. § 4B1.1. Ziesel committed the instant offense while on supervised release for a bank robbery, which he also committed while on supervised release for another bank robbery. Because the district court stated that it would have imposed the same sentence—which is five years below the statutory maximum—independent of Zeisel's guideline range, any error was harmless. We affirm.

## I. BACKGROUND

Ziesel pleaded guilty to one count of bank robbery. 18 U.S.C. 2113(a). A probation officer prepared a presentence investigation report that calculated a base offense level of 20. U.S.S.G. § 2B3.1(a). The report applied a two-level increase because he took the property of a financial institution, *id.* § 2B3.1(b)(1), and a two-level increase because he led law enforcement on a high-speed chase afterward, *id.* § 3C1.2. The report stated that he was a career offender, *id.* § 4B1.3(b)(3), because the instant offense was a crime of violence and he had two prior convictions for bank robbery—both of which he committed while he was serving a term of supervised release. His total offense level became 32. *Id.* The report applied a three-level decrease for acceptance of responsibility, *id.* § 3E1.1(a)-(b), which yielded a total offense level of 29. The report calculated a criminal history category of III, but that category became VI based on Ziesel's status as a career offender, *id.* § 4B1.1(b). The report provided a guideline imprisonment range of 151 to 188 months and a 20-year statutory

maximum term. Without the career-offender designation, Ziesel would have had an advisory guideline range of 46 to 57 months.

At the sentencing hearing, Ziesel objected to his designation as a career offender. The district court overruled the objection, adopted the guideline range provided in the presentence investigation report, and sentenced Ziesel to 180 months of imprisonment, followed by three years of supervised release. It considered the statutory sentencing factors. 18 U.S.C. § 3553(a). It stated that it was "stunning" that Ziesel had reengaged in bank robbery, "beyond clear" that he needed to be "specifically deterred," and determined that he "pose[d] a danger to [] society." It also made clear that "independent of the advisory guideline, [it] would impose the same exact sentence of 180 months' imprisonment based on what it [thought was] crystal clear in the sentencing record," his "repeated decisions to engage in bank robbery."

## II. STANDARDS OF REVIEW

We review a district court's interpretation and application of the Sentencing Guidelines *de novo*, and underlying findings of fact for clear error. *United States v. James*, 135 F.4th 1329, 1332 (11th Cir. 2025). We also review a sentence for reasonableness, a deferential standard of review for abuse of discretion. *United States v. Sotelo*, 130 F.4th 1229, 1244 (11th Cir. 2025).

## III. DISCUSSION

Ziesel argues that his multiple bank robbery convictions are not predicate offenses for career-offender status under the guidelines. U.S.S.G. § 4B1.1. But "we need not review a sentencing issue

when (1) the district court states it would have imposed the same sentence, even absent an alleged error, and (2) the sentence is substantively reasonable." *United States v. Grushko*, 50 F.4th 1, 18 (11th Cir. 2022) (internal quotation marks omitted, alteration adopted). We seek to avoid "pointless reversals." *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006). "'[I]t would make no sense to set aside a reasonable sentence and send the case back to the district court because of an error in calculating the Sentencing Guidelines range since it has already told us that it would impose exactly the same sentence, a sentence we would be compelled to affirm.'" *Grushko*, 50 F.4th at 18 (alterations adopted, quoting *Keene*, 470 F.3d at 1350).

When a district court states that its choice of sentence "would not have changed even with a different guideline calculation—we assume there was an error, reduce the guideline range according to the way the defendant argued, and analyze whether the sentence would be substantively reasonable under that guideline range." *Id.* (citing *Keene*, 470 F.3d at 1349-50). The defendant bears the burden of proving that his sentence is unreasonable based on the record and the statutory sentencing factors. *Id.* (citing *Keene*, 470 F.3d at 1349-50). "Remand is not appropriate if we determine that the district court's error did not impact its ultimate sentence *and* the ultimate sentence is substantively reasonable." *Id.* (citing *Keene*, 470 F.3d at 1348-50).

Regardless of whether Ziesel should have been classified as a career offender, any error was harmless. The district court stated

that "independent of the advisory guidelines, [it] would impose the same exact sentence of 180 months' imprisonment based on what it [thought was] crystal clear in the sentencing record," his "repeated decisions to engage in bank robbery." Ziesel committed the instant bank robbery—followed by a high-speed chase that injured a motorist—while he was on supervised release for *another* bank robbery, which he also committed while on supervised release for *yet another* bank robbery. The district court reasonably gave substantial weight to this criminal history because Ziesel has yet to be deterred by earlier prison sentences for bank robbery. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1263 (11th Cir. 2015) ("Placing substantial weight on a defendant's criminal record is entirely consistent with [the statutory sentencing factors] because five of the factors [a court must consider] are related to criminal history."). Based on this record, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment" in sentencing Ziesel to 180 months of imprisonment, which was 60 months below the statutory maximum sentence. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).

## IV. CONCLUSION

We **AFFIRM** Ziesel's sentence.